UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 13-CR-12-RMP-1 |
| vs. | |
| GREGORY D. JEFFREYS, | Preliminary Order of Forfeiture |
| Defendant. | |

**IT IS HEREBY ORDERED THAT**:

As the result of the Defendant's guilty pleas to Counts 1 – 3 of the Information Superseding Indictment, charging the Defendant with Wire Fraud Affecting a Financial Institution, in violation of 18 U.S.C. § 1343; Bank Fraud, in violation of 18 U.S.C. § 1344; and, Wire Fraud, in violation of 18 U.S.C. § 1343, for which the United States sought forfeiture pursuant to 18 U.S.C. § 982; and/or 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), Defendant, GREGORY D. JEFFREYS, shall forfeit to the United States, any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

The Court has determined, based upon Defendant's plea agreement, that the following assets are subject to forfeiture pursuant to 18 U.S.C. § 982; and/or 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and that the United States has

Preliminary Order of Forfeiture 1

established the requisite nexus between such assets described above and such offense(s):

### MONEY JUDGMENT

(a) A sum of money equal to $1,400,730.15 in United States currency, representing the amount of proceeds obtained as a result of the Count 2 bank fraud offenses;

### MONEY JUDGMENT

(b) A sum of money equal to $2,062,489.00 in United States currency, representing the amount of proceeds obtained as a result of the Count 3 wire fraud offenses;

### CONVEYANCES

(c) 2006 Cadillac Escalade, Nevada License Plate: LVA4J5, VIN: 1GYEC63N66R151835;

### U.S. FUNDS

(d) $55,072.29 U.S. funds seized by FBI pursuant to a seizure warrant, on or about July 24, 2012, from Wells Fargo Bank Checking and Savings Account xxxx-0146;

(e) $50,000.00 of the $75,000.00 U.S. funds seized by FBI, pursuant to a seizure warrant, on or about August 16, 2012, from RiverBank Consumer Money Market Account xxxx-1971; and,

### REAL PROPERTY

(f) 26218 South Buttonwood Drive, Sun Lakes, Arizona, legally described as follows: Lot 101, Sun Lakes Unit Twenty-Four, according to Book 293 of Maps, Page 7, records of Maricopa County, Arizona; except all oil, gas, minerals and rights thereto.

Upon the entry of this Order, the United States Attorney General (or a designee) is authorized to seize the above-listed assets subject to forfeiture, whether held by the

Defendant or a third party, and to conduct any discovery proper in identifying, locating, or disposing of property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the property listed above. Any person, other than the above-named Defendant, asserting a legal interest in the above-listed property may, within thirty (30) days of the last date of internet posting of notice, or by the date indicated on direct notice, if sent, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his/her alleged interest in the above-listed forfeited assets and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 982(b)(1) and/or 18 U.S.C. § 981 and 28 U.S.C. § 2461(c).

Any petition filed by a third party asserting an interest in the above-listed forfeited assets shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in said property, the time and circumstances of the petitioner's acquisition of the right, title or interest

in said assets, and any additional facts supporting the petitioner's claim and the relief sought.

Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture is final as to the Defendant at the time of sentencing, and is made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the above-listed assets following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), as incorporated by 18 U.S.C. 982(b)(1), and/or 18 U.S.C. § 981 and 28 U.S.C. § 2461(c), for the filing of third party petitions.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** this 29th day of May 2014.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

Preliminary Order of Forfeiture 4