FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 19, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY D. JEFFREYS (1),<br><br>Defendant | NO: 2:13-CR-12-RMP-1<br><br>ORDER DENYING DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255 OR 18 U.S.C. § 3582(c)(2) |

BEFORE THE COURT is Defendant Gregory Jeffreys' petition, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. ECF No. 618; *see also* ECF No. 619 (supplement). The Government filed a response opposing the relief that Defendant seeks. ECF No. 622. Mr. Jeffreys completed the briefing by filing a reply. ECF No. 623. Having reviewed the parties' filings, the remaining record, and the relevant law, the Court is fully informed.

**BACKGROUND**

On November 22, 2013, Defendant entered a plea of guilty to the following

ORDER DENYING DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255 OR 18 U.S.C. § 3582(c)(2) ~ 1

counts of the information superseding indictment in this matter: wire fraud affecting a financial institution in violation of 18 U.S.C. § 1342 (Count 1); bank fraud in violation of 18 U.S.C. § 1344 (Count 2); wire fraud in violation of 18 U.S.C. § 1343 (Count 3) and conspiracy to commit an offense against the United States in violation of 18 U.S.C. §§ 371 and 401(2) (Count 4). ECF No. 408. Defendant pleaded guilty pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement. ECF No. 403. As part of the plea agreement, the parties agreed that "[p]ursuant to U.S.S.G. §§ 2B1.1(b)(1) and 1B1.3, the relevant amount of actual, probable, or intended loss resulting from the offenses committed, and described in the Superseding Information, is more than $7,000,000, but less than $20,000,000, resulting in a 20-level increase and an offense level of 27." ECF No. 403 at 14. In light of Mr. Jeffreys' criminal history category of I and total offense level of 28, the United States Sentencing Guidelines ("USSG") in effect at the time of sentencing specified a sentencing range of 78 to 97 months in custody for Counts 1, 2, and 3.

On June 5, 2014, the Court sentenced Defendant to 96 months incarceration, as sought by the parties pursuant to the plea agreement, on Counts 1, 2, and 3 and seven months incarceration on Count 4, to run concurrently. ECF No. 566; *see also* ECF Nos. 501, 535, and 536 (Sentencing Memoranda).

**RELEVANT LAW**

A prisoner may seek release under 28 U.S.C. § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a); *see also United States v. Addonizio*, 442 U.S. 178, 184–85 (1979) (holding that even "[a]n error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice") (internal quotations omitted).

To be timely, a motion challenging a conviction or sentence under 28 U.S.C. § 2255 is subject to a one-year limitations period that runs from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In his reply, Mr. Jeffreys asserts that he was trying to make a motion pursuant to 18 U.S.C. § 3582(c)(2) when the Court interpreted his letter as an unsigned request for relief under 28 U.S.C. § 2255.

As a general rule, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, under 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

A court undertakes a two-step inquiry in determining whether a sentence reduction is appropriate under 18 U.S.C. § 3582(c)(2). *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). At step one, the Court asks whether Defendant is eligible for a sentence modification under the Sentencing Commission's policy statement in USSG § 1B1.10. *See Dillon v. United States*, 560 U.S. 817, 817–18 (2010). Section 1B1.10(d) lists the USSG amendments that are eligible to retroactively reduce sentences under 18 U.S.C. § 3582(c)(2). If the answer at step one is no, the Court's inquiry is over. If the answer is yes, the Court proceeds to step two and considers any applicable 18 U.S.C. § 3553(a) factors to determine, in the Court's

discretion, whether the reduction is warranted in whole or in part given the particular circumstances of the case. *Dunn*, 728 F.3d at 1155.

## DISCUSSION

In Defendant's initial motion, he argued that he is entitled to relief based on a right recognized by an unspecified United States Supreme Court opinion issued in June 2018. ECF No. 618 (referring to Defendant's letter filed at ECF No. 616).

The Court construed Mr. Jeffreys' initial, unsigned filing as a motion pursuant to 28 U.S.C. § 2255 and provided Mr. Jeffreys with the form motion to complete, sign, and file, if he wanted to pursue that relief. However, to the extent that Mr. Jeffreys seeks relief under § 2255, the motion cannot succeed. Mr. Jeffreys does not establish that the one-year limitation period began to run on a later date or that an exception applied.

The Court, therefore, construes Mr. Jeffreys' motion as one for a sentence reduction under 18 U.S.C. § 3582, as Mr. Jeffreys argues that he intended to seek relief under that provision rather than under § 2255. *See Hamilton v. United States*, 67 F.3d 761 (9th Cir. 1995) (liberally construing an ambiguous petition for sentencing relief from a *pro se* prisoner). However, Mr. Jeffreys does not qualify for relief under 18 U.S.C. § 3582(c)(2) either.

Amendment 791 to § 2B1.1 of the USSG made changes to the loss tables in that section. At the time of Mr. Jeffreys' sentencing in 2014, his guideline range

for Counts 1 through 3 was 78 to 97 months in custody pursuant to the offense level enhancement provided in § 2B1.1. After Amendment 791 took effect on November 1, 2015, the amount of loss to warrant a 20-level increase rose to $9,500,000 or more. Even though the plea agreement between the parties stipulated to a loss amount of "more than $7,000,000, but less than $20,000,000," ECF No. 403 at 14, Mr. Jeffreys argues that his loss amount was $9,300,000. After Amendment 791, a loss amount of more than $3,500,000, but less than $9,500,000 would result in an 18-level increase to the offense level, rather than the 20-level increase that Mr. Jeffreys received. The Government argues that the 2015 amendment to the loss tables in § 2B1.1 does not apply retroactively.

Amendment 791 is not listed in USSG § 1B1.10(d). Therefore, the USSG does not authorize a sentencing reduction for a sentence imposed before November 1, 2015, the effective date of the amendment. *See Dillon*, 560 U.S. at 817–18. Accordingly, the Court does not find it appropriate to proceed to step two of the inquiry.

Mr. Jeffreys also maintains that a "June 4, 2018" opinion by the United States Supreme Court is relevant to his request for a reduction in sentence in that it makes pleas under Fed. R. Crim. P. 11(c)(1)(C) "eligible for a 2-level reduction under 18 USC 3582." ECF No. 616 at 1 (June 4, 2018 letter from Mr. Jeffreys referenced in Mr. Jeffreys' motion). The Government presumes, and the Court

agrees, that Mr. Jeffreys refers to the Supreme Court's decision in *Hughes v. United States*, 138 S. Ct. 1765 (2018). *See* ECF No. 622 at 4. In *Hughes*, the Supreme Court held that a defendant's plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C) is "based on" the defendant's USSG range "so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement." 138 S. Ct. at 1775. Since the amendment at issue for Mr. Jeffreys' motion is not retroactive to when he was sentenced, *Hughes* has no effect on Mr. Jeffreys' eligibility for a sentence reduction. Accordingly, the Court denies Mr. Jeffreys' request to reduce his sentence by decreasing his offense level, pursuant to Amendment 791, by two.

Finally, the Court finds "that jurists of reason would [not] find it debatable" whether the Court's ruling is correct, and, therefore, declines to issue a certificate of appealability under 28 U.S.C. § 1915(a)(3). *See Slack v. McDaniel*, 529 U.S. 473, 478 (9th Cir. 2000).

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, **ECF No. 618**, is **DENIED**.

///

///

///

2. The Court certifies, pursuant to 28 US.C. § 1915(a)(3), that a certificate of appealability will not issue.

The District Court Clerk is directed to enter this Order and provide copies to Defendant Gregory Jeffreys and counsel.

DATED November 19, 2018.

                                             *s/ Rosanna Malouf Peterson*
                                             ROSANNA MALOUF PETERSON
                                             United States District Court Judge